1  Douglas Borthwick, Esq.
2  State Bar Number: 176372
   17221 E. 17th St., Suite H
3  Santa Ana, CA 92705
   Telephone: [714] 486-2160
4  Facsimile: [714] 486-2153
   E-mail: douglas_borthwicklaw@yahoo.com
5  Attorney for plaintiff
6
7
8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
11  RUBEN PAUL GONZALES,                  Case No.:

12              Plaintiff,

13  vs.                                   COMPLAINT FOR DAMAGES AND
                                          INJUNCTIVE RELIEF FOR VIOLATIONS
14  TUDY'S RESTAURANT, a business entity, OF AMERICANS WITH DISABILITIES
    GRUPO MODELO FOOD SERVICE,            ACT; CALIFORNIA UNRUH CIVIL
15  INC., a California corporation; KELLER RIGHTS ACT; CALIFORNIA DISABLED
    FAMILY TRUST, a trust,                PERSONS ACT; GENERAL NEGLIGENCE
16
17              Defendants
18
        Plaintiff RUBEN PAUL GONZALES complains of defendants, TUDY'S
19
    RESTAURANT, a business entity, GRUPO MODELO FOOD SERVICE, INC., a California
20
    corporation, and KELLER FAMILY TRUST, a trust, believed to be the owner of the premises
21
    and/or the land, and alleges:
22
        1. Plaintiff is a California resident with physical disabilities. He was born with renal
23
    kidney disease, suffers from spinal stenosis and scoliosis as a result of an accident to his back
24
25  resulting in extreme difficulty walking.. He utilizes a wheelchair for mobility. Plaintiff has a

26  Disabled Person Parking placard, issued by the state of California.
                                               1
27
28
    COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2. Defendants are, or were at the time of the incident, the real property owners, business operators, lessors, and/or lessees of TUDY'S RESTAURANT, a business located at 1027 West 6th Street; Corona, CA 92882. Plaintiff is informed that GRUPO MODELO FOOD SERVICES INC. is the holder of the business license and owner of the business, and defendant KELLER FAMILY TRUST is the owner of the premises [land and/or building].

3. Plaintiff does not know the true names of defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained, and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S. Code §§ 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S. Code § 1391(b) and is founded on the fact that the location and real property where plaintiff's causes of action arose exists in this district. The property address is stated in Paragraph 2.

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**FACTUAL ALLEGATIONS:**

7. Plaintiff went to this particular TUDY'S RESTAURANT in or about March, 2017, on routine business.

8. Plaintiff was then prevented from using the restroom facilities in violation of the currently operative American with Disabilities Act Accessibility Guidelines (ADAAG). There was not enough space inside the restroom for plaintiff to rotate or otherwise manoeuvre or position his wheelchair, or get out of his wheelchair, so as to use the restroom facility.

9. Plaintiff personally encountered violations of the Americans with Disabilities Act that prevented him from full and equal access to the restroom facility at TUDY'S RESTAURANT. The restroom among other things was too small for plaintiff using his wheelchair. Plaintiff would like to patronize this establishment again but cannot do so until the defendants remove these barriers to access.

10. The defendants have failed to maintain in working and usable conditions those features required to provide ready access to persons with disabilities.

11. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v 7-11, 524 F.32 1034 (9th Cir. 2008) holding that once a plaintiff encounters one barrier at a site he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them.

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

I.     **FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990**

**(On behalf of plaintiff against all defendants (42 U.S.C. § 12101, et seq.))**

12. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

13. Defendants own, operate, lease from or lease to a place of public accommodation. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S. Code § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities… where such removal is readily achievable. 42 U.S. Code § 12182(b)(2)(A)(iv). Barriers are defined by reference to the operative Americans with Disabilities Act Accessibility Guidelines (ADAAG), found at 28 C.F.R., Part 36, Appendix D.

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

c. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S. Code § 12183(a)(i).

14. Defendants are persons or business entities that own, operate, or lease a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier-free and complies with the currently operative Americans with Disabilities Act Accessibility Guidelines (ADAAG); and/or (2) remove all existing barriers against disabled persons where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal which give equal access to disabled persons. The defendants have failed to meet these obligations.

## II.   SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

**(On behalf of plaintiff and against all defendants (Cal Civil Code § 51-53))**

15. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

16. Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. California Civil Code § 51(f), 52(a).

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

17. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the defendants are also responsible for statutory damages, i.e., a civil penalty. See California Civil Code § 51(f), 52(a).

### III.   THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

**(On behalf of plaintiff and against all defendants (Civil Code § 54, 54.1, 54.2))**

18. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

19. Because defendants violated the plaintiff's rights under the ADA, they also violated the California Disabled Persons Act, thus liable for damages. Civil Code § 51(f), 52(a), 54.1(d).

20. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., a civil penalty. See California Civil Code § 55.56(a)-(c).

### IV.   FOURTH CAUSE OF ACTION: GENERAL NEGLIGENCE

**(On behalf of plaintiff and against all defendants)**

21. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

22. Defendants have a general duty and a duty of due care to the disabled plaintiff, arising under the ADA and Unruh Civil Rights Act and California Disabled Persons Act, to provide safe, convenient, and accessible facilities to the disabled plaintiff. Their negligent violation of this duty, as alleged in the preceding paragraphs of this complaint, notably Paragraphs 1 through 14, and also their violations of multiple statutes, including namely, 42 U.S. Code §

6

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

12182, and also including California Civil Code §§ 51, 52, 54, and 54.1, has caused inconvenience, injury and damage as alleged, in the amount of at least minimal amounts of damages allowed by applicable statutes, the exact amount to be determined at the trial.

WHEREFORE, the plaintiff prays that this court award damages and provide relief against all named defendants, jointly and severally, as follows:

1. For mandatory injunctive relief, compelling defendants jointly and severally to comply with the Americans with Disability Act and the California Unruh Civil Rights Act, fully correcting all violations of the requirements of these laws, within six months of being served with process, namely, summons and complaint, in this action, and that said defendants be required to report to plaintiff and also to the court of actual status of correction of the defects charged in this complaint on the next day after the six month period is done.

2. For damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act where applicable, which statutes provide for actual damages and a statutory minimum of $4,000, per California Unruh Civil Rights Act or alternatively per California Disabled Persons Act. If the plaintiff cannot recover under both Unruh Civil Rights and Disabled Persons Act, simultaneously, an election will be made prior to or at trial, at an appropriate stage in these legal proceedings.

3. For damages for general negligence, in the amount of at least minimal amounts of damages allowed by applicable statutes, or alternatively $4000, the exact amount to be determined at trial.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

4. For reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S. Code § 12205; California Civil Code §§ 52 and 54.3 and Cal Code of Civil Procedure § 1021.5.

5. For such other and further relief as the court deems just and proper.

Dated: 7/26/17

_____
Douglas Borthwick, Esq.
Attorney for plaintiff

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**